UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, upon relation and for the use of the TENNESSEE VALLEY AUTHORITY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:24-CV-00080-DCLC-DCP |
| EASEMENTS AND RIGHTS-OF-WAY OVER 5.82 ACRES OF LAND, MORE OR LESS, IN LOUDON COUNTY, TENNESSEE, and I-40/75 BUSINESS PARK, LLC, a Tennessee limited liability company, SOUTHEAST BANK, a Tennessee banking corporation, DENNIS B. RAGSDALE, trustee, JOSEPH A. HOLLINGSWORTH, JR., assignee/lender, JAMIE BURNS, trustee, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff United States of America's Motion for Judgment on the Pleadings or, in the Alternative, to Strike Defenses [Doc. 30], the United States's Brief in Support [Doc. 31], Defendants' Responses in Opposition [Docs. 37 & 38], and the United States's Reply [Doc. 39]. For the reasons herein, the Court will grant in part and deny in part the United States's motion.

**I. BACKGROUND**

Last year, the United States initiated this action for the taking of property under the power of eminent domain. [Am. Compl., Doc. 21].[1] Specifically, it condemned permanent

---

[1] Eminent domain is the United States's sovereign power to take private property for public use without a landowner's consent. *PennEast Pipeline Co., LLC v. New Jersey*, 594 U.S. 482, 487 (2021). The Tennessee Valley Authority has the power to exercise the right of eminent domain in the United States's name, 16 U.S.C. § 831c(h), though the Fifth Amendment requires the TVA to provide the landowner with "just compensation," *Kirby Forest*

easements and rights-of-way over Defendants' property—5.82 acres of land in Loudon County—so that the Tennessee Valley Authority could erect, operate, and maintain electric power transmission circuits and communication circuits, [Decl. of Taking, Doc. 1-3, at 2]. The United States filed a declaration of taking and a deposit of $257,200.00 as its estimation of just compensation under the Declaration of Taking Act, 40 U.S.C. §§ 3114−3118. [*Id.* at 1].

In response, Defendants filed answers in which they raise several defenses, asserting that the United States lacks a sufficient public purpose to take their property and that it has not offered just compensation for the taking. [Answer, Doc. 24, at 3; Answer, Doc. 25, at 4]. The United States now moves the Court, under Federal Rule of Civil Procedure 12(c), to dismiss Defendants' "public purpose defenses" and "sufficiency of the compensation defenses," [Pl.'s Br. at 6], or in the alternative, to strike them under Federal Rule of Civil Procedure 12(f), [*id.* at 9].[2] Defendants oppose the United States's motion. Having carefully considered the parties' arguments, the Court is now prepared to rule on the motion.

## II. LEGAL STANDARD

Rule 12(c) governs motions for judgment on the pleadings. "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d

---

*Indus., Inc. v. United States*, 467 U.S. 1, 9–10 (1984); *see Brown v. Legal Found. of Wash.*, 538 U.S. 216, 233 (2003) ("When the government physically takes possession of an interest in property for some public purpose, it has a categorical duty to compensate the former owner[.]" (quotation omitted)).

[2] Defendants argue—correctly—that the United States's motion under Rule 12(f) is untimely. Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" upon "motion made by a party either before responding to the pleading or, if a response is not allowed, within *21 days after being served with the pleading*." Fed. R. Civ. P. 12(f)(1)–(2) (emphasis added). Defendants filed their answers in April and May 2024, but the United States did not move to strike their defenses until March 2025—well beyond the twenty-one-day deadline. The United States's motion under Rule 12(f) is therefore untimely, and the Court will consider only its motion under Rule 12(c).

2

577, 581 (6th Cir. 2007) (quotation omitted). A motion for judgment on the pleadings is "appropriately granted" when "no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law," *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (quoting *id.* at 582), or when "the validity of [an affirmative] defense[] may be apparent from the face of the complaint," requiring no factual development, *Myers v. City of Centerville*, 41 F.4th 746, 758 (6th Cir. 2022) (quotation omitted).

### III. ANALYSIS

In seeking dismissal of Defendants' "public purpose defenses" and "sufficiency of the compensation defenses," [Pl.'s Br. at 6], the United States argues that they "they are foreclosed by well-established principles of federal condemnation law, the plain language of the TVA Act, and controlling authority interpreting [the United States's] statutory right to condemn." [*Id.* at 7]. Defendants, however, assert that judgment on the pleadings is improper because their defenses, after factual development through discovery, could lead to material issues of fact. [Defs.' Resp., Doc. 37, at 4, 6].

"The United States has the authority to take private property for *public use* by eminent domain," *Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 9 (1984) (citation omitted) (emphasis added), and the United States, through the TVA, unquestionably has authority to condemn property for the purpose that it identifies in the complaint and declaration of taking: to erect, operate, and maintain transmission lines, *see* 16 U.S.C. § 831k (empowering the TVA to "construct . . . transmission lines"); *see also id.* § 831c(i) (stating that the TVA "[s]hall have power to acquire real estate for the construction of . . . transmission lines"); *United States upon Relation of TVA v. Easement & Right-of-Way over 0.98 Acres*, No. 3:24-CV-00037-DCLC-DCP, 2025 WL 786616, at *1 (E.D. Tenn. Feb. 25, 2025) ("Because the taking falls

3

within TVA's authority granted by Congress, it is for a public purpose and the reasonableness of the taking is not subject to judicial review."). Defendants, though, allege that "there is not a sufficient public purpose or necessity for the taking of the easements and rights-of-way across the particular property described in the Amended Complaint," [Answer, Doc. 24, at 3], and that the United States "lacks a sufficient public purpose for condemnation of the property at issue," [Answer, Doc. 25, at 4].

The Court must accept these allegations as true and, in doing so, must deny the United States's motion for judgment on the pleadings. *See JPMorgan Chase*, 510 F.3d at 581 ("For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the *opposing party* must be taken as true[.]" (quotation omitted) (emphasis added)). But the Court reminds Defendants that they must have a good-faith basis for alleging the United States took their property without a lawful public purpose to accompany the taking. *See* Fed. R. Civ. P. 11(b)(2) ("By presenting to the court a pleading . . . an attorney . . . certifies that . . . the defenses . . . are warranted by existing law or by a nonfrivolous argument[.]"). Again, the United States has license to take property for the purpose of erecting, operating, and maintaining transmission lines, so long as it gives the property owner just compensation, *Kirby*, 467 at 9–10, and if discovery confirms that the United States took Defendants' property for this purpose, as it alleges, the Court expects Defendants, in keeping with Federal Rule of Civil Procedure 11, to act accordingly be either amending their pleadings or voluntarily dismissing their defenses.

And as far as just compensation goes, the United States maintains that it is entitled to judgment on the pleadings on Defendants' "sufficiency of the compensation defenses" because "[t]he sufficiency of the amount of compensation offered is not a cognizable defense to the

4

taking." [Pl.'s Br. at 14]. Specifically, the United States seeks to preclude Defendants from asserting that its deposit of $257,200.00 is not just compensation because this deposit is only an estimate and is not dispositive of just compensation. [*Id.*]; *see* [Answer, Doc. 25, at 4 ("Defendants plead that $257,200.00 does not represent the fair market value of the cash or property rights taken" and "the amount of money which Plaintiff has filed with the Clerk of Court is not an adequate and fair value for the real estate which Plaintiff is seeking to take.")].

The United States is correct—its deposit is but an estimate and is not dispositive of just compensation. *See U.S. ex rel. TVA v. 1.72 Acres of Land*, 821 F.3d 742, 756 (6th Cir. 2016) ("In federal condemnation actions, when a declaration of taking is filed along with the complaint, a deposit of estimated compensation must be made with the court when required by law," but "that estimate alone is meaningless to the issue of just compensation." (citations omitted)); *see also Sharp v. United States*, 191 U.S. 341, 348–49 (1903) ("It is, at most, a species of indirect evidence of the opinion of the person making such offers as to value the land," and "it is of a nature entirely too uncertain, shadowy, and speculative to form any solid foundation for determining the value of the land which is sought to be taken in condemnation proceedings.").

The deposit and declaration of taking are "not evidence of the value of the property taken" in a condemnation action, *United States v. 75.13 Acres of Land*, 693 F.2d 813, 817 (8th Cir. 1982) (citation omitted), in which the central issue—that of just compensation—is a battle of the experts, *see United States v. An Easement & Right-of-Way over 3.74 Acres of Land*, 415 F. Supp. 3d 812, 819 (M.D. Tenn. 2019) ("Property owners typically rely on expert opinion to establish [fair market] value."); *see also Welch v. TVA*, 108 F.2d 95, 101 (6th Cir. 1939) ("Opinion evidence is relevant and frequently persuasive" as evidence of fair market value.).

So even with factual development, any defense through which a defendant challenges the sufficiency of the amount in the declaration of taking—in this case, $257,200.00—will be no more viable than it was at the case's inception. The United States is therefore entitled to the dismissal of Defendants' "sufficiency of the compensation defenses," but on the issue of just compensation, Defendants remain well within their right to contest the United States's expert witnesses' opinions of just compensation with their own expert witnesses' opinions.

In sum, the United States's motion is **GRANTED in part** and **DENIED in part**. To the extent that the United States seeks the dismissal of Defendants' "public purpose defenses," its motion is **DENIED**. To the extent that the United States seeks the dismissal of Defendants' "sufficiency of the compensation defenses," its motion is **GRANTED**, and those defense are hereby **DISMISSED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge